1  **Rollin A. Ransom (SBN 196126)**
   rransom@sidley.com
2  **Cameron J. Johnson (SBN 266729)**
   cameron.johnson@sidley.com
3  **SIDLEY AUSTIN LLP**
   **555 West Fifth Street, Suite 4000**
4  **Los Angeles, California  90013**
   **Telephone:  (213) 896-6000**
5  **Facsimile:  (213) 896-6600**

6  **Attorney for Defendants Target Corporation
   and Bluestar Alliance, LLC**

7

8  # UNITED STATES DISTRICT COURT

9  # CENTRAL DISTRICT OF CALIFORNIA

10

11 | EKB TEXTILES, INC, a California corporation, | ) Case No. CV 10-4443 RGK (JCx) |
   |---|---|
   | Plaintiff, | ) **ANSWER OF DEFENDANT TARGET CORPORATION** |
   | vs. | ) |
   | TARGET CORPORATION, a Minnesota corporation; BLUESTAR ALLIANCE, LLC, d/b/a LIZ LANGE, a New York Limited Liability Company; and DOES 1-10; | ) |
   | Defendants. | ) |

Defendant Target Corporation ("Target"), for its answer and defenses to the Complaint filed herein by Plaintiff EKB Textiles, Inc., hereby states as follows:

## JURISDICTION AND VENUE

**ALLEGATION NO. 1**:

This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 et seq.

**RESPONSE TO ALLEGATION NO. 1**:

Target admits that Plaintiff's Complaint purports to state a claim under the Copyright Act of 1976, Title 17 U.S.C., § 101 et seq. Target denies the remaining allegations of paragraph 1.

**ALLEGATION NO. 2**:

This Court has federal question jurisdiction under 28 U.S.C. § 1331m 1338 (a) and (b).

**RESPONSE TO ALLEGATION NO. 2**:

Target admits that this Court has federal question jurisdiction over claims relating to copyrights and that Plaintiff's Complaint purports to state a claim under the Copyright Act of 1976, Title 17 U.S.C., § 101 et seq. Target denies the remaining allegations of paragraph 2.

**ALLEGATION NO. 3**:

Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**RESPONSE TO ALLEGATION NO. 3**:

Target admits that venue is proper in this judicial district. Target denies the remaining allegations of paragraph 3.

## PARTIES

**ALLEGATION NO. 4**:

Plaintiff EKB Textiles, Inc. is a corporation organized and existing under the

laws of the State of California with its principal place of business located at 777 E. Washington Blvd., Los Angeles, CA 90021.

**RESPONSE TO ALLEGATION NO. 4**:

Target lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, and on that basis denies such allegations.

**ALLEGATION NO. 5**:

Plaintiff is informed and believes and thereon alleges that Defendant TARGET CORPORATION ("TARGET") is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business located at 1000 Nicollet Mall, Minneapolis, Minnesota, 55403, and doing business in and with the State of California.

**RESPONSE TO ALLEGATION NO. 5**:

Target admits the allegations of paragraph 5.

**ALLEGATION NO. 6**:

Plaintiff is informed and believes and thereon alleges that Defendant BLUESTAR ALLIANCE, LLC. ("BLUESTAR") is a limited liability company organized and existing under the law of the State of New York with its principle place of business located at 1370 Broadway, Suite 820, New York, NY 10018. Plaintiff is informed and believes that in 2007 BLUESTAR purchased the "Liz Lange" maternity clothing line and at all relevant time owned and operated that line.

**RESPONSE TO ALLEGATION NO. 6**:

Target lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, and on that basis denies such allegations.

**ALLEGATION NO. 7**:

Plaintiff is informed and believes and thereon alleges that some of Defendants DOES 1 through 3, inclusive, are manufacturers and/or vendors of garments to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabrics printed with Plaintiffs

copyrighted Designs No. 3526 and 4644 (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement.  The true names, whether corporate, individual or otherwise of Defendants DOES 1-3, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

**RESPONSE TO ALLEGATION NO. 7**:

Target denies the allegations of paragraph 7.

**ALLEGATION NO. 8**:

Defendants DOES 4 through 10, inclusive, are other parties not yet identified who have infringed Plaintiffs copyrights, have contributed to the infringement of Plaintiffs copyrights, or have engaged in one or more of the wrongful practices alleged herein.  The true names, whether corporate, individual or otherwise, of Defendants 4 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

**RESPONSE TO ALLEGATION NO. 8**:

Target denies the allegations of paragraph 8.

**ALLEGATION NO. 9**:

Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiffs rights and the damages to Plaintiff proximately caused thereby.

**ANSWER OF DEFENDANT TARGET CORPORATION**

**RESPONSE TO ALLEGATION NO. 9**:

Target denies the allegations of paragraph 9.

### CLAIMS RELATED TO DESIGN NO. 3526 AND 4644

**ALLEGATION NO. 10**:

Prior to the conduct complained of herein, Plaintiff composed a design assigned Plaintiffs Internal Design Number 3526 ("Subject Design 1"). A true and correct copy of the Subject Design is attached hereto as Exhibit "1".

**RESPONSE TO ALLEGATION NO. 10**:

Target lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and on that basis denies such allegations.

**ALLEGATION NO. 11**:

Prior to the conduct complained of herein, Plaintiff composed a design assigned Plaintiff's Internal Design Number 4644 ("Subject Design 2"). A true and correct copy of the Subject Design is attached hereto as Exhibit "2".

**RESPONSE TO ALLEGATION NO. 11**:

Target lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, and on that basis denies such allegations.

**ALLEGATION NO. 12**:

Plaintiff received copyright registration for Subject Design 1 on June 13, 2007, with the Subject Design being granted Registration No. VA 1-411-895.

**RESPONSE TO ALLEGATION NO. 12**:

Target lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and on that basis denies such allegations.

**ALLEGATION NO. 13**:

Plaintiff received copyright registration for Subject Design 2 on September 26, 2008, with the Subject Design being granted Registration No. VA 1-656-155.

**RESPONSE TO ALLEGATION NO. 13**:

Target lacks knowledge or information sufficient to form a belief as to the truth

of the allegations of paragraph 13, and on that basis denies such allegations.

**ALLEGATION NO. 14**:

Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants, and each of them, purchased, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments (hereinafter "Infringing Garments") comprised of fabric featuring two designs which are identical to, or substantially similar to Subject Design 1 and/or Subject Design 2 (collectively "Subject Designs"). True and correct copies of said garments are attached hereto as Exhibits "3" and "4".

**RESPONSE TO ALLEGATION NO. 14**:

Target denies the allegations of paragraph 14.

**ALLEGATION NO. 15**:

At various TARGET retail stores, and each of them, across the United States, one or more of Plaintiff's employees found and purchased garments comprised of fabrics bearing the Subject Designs, which garments were manufactured under the direction of the Defendants, and each of them. Plaintiff is informed and believes and thereon alleges that one or more of the named Defendants owns and/or otherwise controls these labels and caused garments under those labels to be manufactured.

**RESPONSE TO ALLEGATION NO. 15**:

Target denies the allegations of paragraph 15.

**FIRST CLAIM FOR RELIEF**

**(For Copyright Infringement - Against All Defendants)**

**ALLEGATION NO. 16**:

Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 15, inclusive, of this Complaint.

**RESPONSE TO ALLEGATION NO. 16**:

Target repeats and realleges its responses to paragraphs 1 through 15.

5
**ANSWER OF DEFENDANT TARGET CORPORATION**

**ALLEGATION NO. 17**:

Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Designs, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) garments in the marketplace comprised of lawfully printed fabric bearing the designs at issue in this case.

**RESPONSE TO ALLEGATION NO. 17**:

Target denies the allegations of paragraph 17.

**ALLEGATION NO. 18**:

Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailer, and each of them, and supplied garments to said retailer, which garments infringed the Subject Designs in that said garments were composed of fabrics which featured print designs that were identical or substantially similar to the Subject Designs.

**RESPONSE TO ALLEGATION NO. 18**:

Target denies the allegations of paragraph 18.

**ALLEGATION NO. 19**:

Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling Infringing Garments through a nationwide network of retail stores and through on-line websites.

**RESPONSE TO ALLEGATION NO. 19**:

Target denies the allegations of paragraph 19.

**ALLEGATION NO. 20**:

Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

**RESPONSE TO ALLEGATION NO. 20**:

Target denies the allegations of paragraph 20.

**ALLEGATION NO. 21**:

Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

**RESPONSE TO ALLEGATION NO. 21**:

Target denies the allegations of paragraph 21.

**ALLEGATION NO. 22**:

Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the Subject Designs in an amount to be established at trial.

**RESPONSE TO ALLEGATION NO. 22**:

Target denies the allegations of paragraph 22.

## SECOND CLAIM FOR RELIEF

**(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)**

**ALLEGATION NO. 23**:

Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 22, inclusive, of this Complaint.

7
ANSWER OF DEFENDANT TARGET CORPORATION

**RESPONSE TO ALLEGATION NO. 23**:

Target repeats and realleges its responses to paragraphs 1 through 22.

**ALLEGATION NO. 24**:

Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Designs as alleged hereinabove.

**RESPONSE TO ALLEGATION NO. 24**:

Target denies the allegations of paragraph 24.

**ALLEGATION NO. 25**:

Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

**RESPONSE TO ALLEGATION NO. 25**:

Target denies the allegations of paragraph 25.

**ALLEGATION NO. 26**:

By reason of the Defendants', and each of their, acts of contributory infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

**RESPONSE TO ALLEGATION NO. 26**:

Target denies the allegations of paragraph 26.

**ALLEGATION NO. 27**:

Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs.  As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and

indirectly attributable to Defendants' infringement of the Subject Designs, in an amount to be established at trial.

**RESPONSE TO ALLEGATION NO. 27**:

Target denies the allegations of paragraph 27.

## DEFENSES

As separate defenses to the Complaint, and to each and every purported claim thereof, Target alleges the following defenses.  By setting forth a defense in this pleading, Target does not concede that it bears the burden of proof as to such defense.

## FIRST DEFENSE

The Complaint and each and every purported claim therein fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Complaint and each and every purported claim therein is barred in whole or in part because Target has not infringed and is not liable for the infringement of the purported copyrights asserted in this action, including because there is no substantial similarity between the Subject Designs and any allegedly infringing products, and particularly no substantial similarity with respect to any original and protectable elements (if any) of the Subject Designs and the allegedly infringing products.

## THIRD DEFENSE

Target is informed and believes that the Complaint and each and every purported claim therein is barred in whole or in part because Plaintiff is not the author or owner of the Subject Designs, is not the owner of the copyright registrations for the Subject Designs, and/or otherwise lacks standing to pursue this action.

## FOURTH DEFENSE

Target is informed and believes that the Complaint and each and every purported claim therein is barred in whole or in part because the copyright registrations for the Subject Designs, and each of them, are invalid, void, or unenforceable, including without limitation because such registrations claim material

that is not original or not protectable, because such registrations claim material that was originally developed by some person or entity other than Plaintiff, and/or because such registrations claim material that is in the public domain.

### FIFTH DEFENSE

Target is informed and believes that the Complaint and each and every purported claim therein is barred in whole or in part because Plaintiff failed to mark the Subject Designs with a proper notice of copyright, or to otherwise give Target with notice of its claimed copyright.

### SIXTH DEFENSE

Target is informed and believes that the Complaint and each and every purported claim therein is barred in whole or in part by the doctrines of estoppel, laches, acquiescence, and/or waiver.

### SEVENTH DEFENSE

While expressly denying any liability, if Target is found to have infringed any enforceable right or interest held by Plaintiff, Target did so innocently and without any knowledge or intent, and if such good faith and lack of intent does not preclude liability, any damages should be reduced in light of such good faith and lack of intent.

### EIGHTH DEFENSE – ADDITIONAL DEFENSES

Target presently has insufficient knowledge or information upon which to form a belief whether they may have additional, unstated defenses. On that basis, Target reserves the right to amend its answer to assert additional defenses in the event discovery indicates that additional defenses are appropriate.

### **PRAYER FOR RELIEF**

WHEREFORE, Target prays for relief as follows:

1. That Plaintiff take nothing by reasons of its Complaint, that the same be dismissed with prejudice, and that judgment be rendered in favor of Target;

2. That Target be awarded its attorney's fees and the costs of suit incurred by it in this action to the extent provided for by law; and

3. For such other and further relief as the court deems just and proper.

Dated: August 09, 2010

                                             SIDLEY AUSTIN LLP

                                       By:/s/ Rollin A. Ransom
                                              Rollin A. Ransom
                                              Attorney for Defendants Target Corporation
                                              and Bluestar Alliance, LLC