Rollin A. Ransom (SBN 196126)
rransom@sidley.com
Cameron J. Johnson (SBN 266729)
cameron.johnson@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California  90013
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600

Attorneys for Defendants Target Corporation,
NC Apparel, Inc., Kandy Kiss of California,
Inc., and Samsung C&T America, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EKB TEXTILES, INC., a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, a Minnesota Corporation; NC APPAREL, INC., a California Corporation; KANDY KISS OF CALIFORNIA, INC., a California Corporation; SAMSUNG C&T AMERICA, INC., a New York Corporation; LF USA, INC., a New York Corporation; and DOES 1-10,<br><br>Defendants. | Case No.:  CV 10-4443 RGK (JCx)<br>Assigned to: Hon. R. Gary Klausner<br>Magistrate: Hon. Jacqueline Chooljian<br><br>**DISCOVERY MATTER: STIPULATION FOR ENTRY OF PROTECTIVE ORDER FOR CONFIDENTIAL TREATMENT OF DOCUMENTS OR INFORMATION**<br><br>(Filed concurrently with [Proposed] Order Re: Stipulation For Entry Of Protective Order For Confidential Treatment Of Documents Or Information) |

In connection with the production of confidential documents and other confidential information in this action, Plaintiff EKB TEXTILES, INC. and Defendants TARGET CORPORATION, NC APPAREL, INC., KANDY KISS OF

1  CALIFORNIA, INC., SAMSUNG C&T AMERICA, INC., and LF USA, INC.
2  through their respective counsel, hereby enter into this Stipulated Protective Order for
3  Confidential Treatment of Documents or Information (the "Stipulated Protective
4  Order").

## I.

## PURPOSE OF THIS PROTECTIVE ORDER /
## STATEMENT OF GOOD CAUSE

The purpose of this Stipulated Protective Order is to provide a means for limiting access to and use and disclosure of Confidential Documents or Information that are produced in this action to the parties for use in this case unless otherwise ordered by the Court. The parties acknowledge that certain financial information, including mark-up, mark-down, and profit margin information may not be generally known to the public and may constitute sensitive business information that Defendant(s) may want to keep confidential.

Specifically, the apparel industry is a highly competitive industry and the information that is subject to this case, including profit margin information and other sensitive financial information, may cause competitive harm if disclosed publicly. The parties in this action have agreed to keep certain information confidential to avoid the possibility of irreparable competitive harm.

## II.

## DEFINITION OF "CONFIDENTIAL DOCUMENTS OR INFORMATION"

"Confidential Documents or Information" are all Documents or Information that (a) have been produced by a party in this action; and (b) have been properly designated as "Confidential" or "Attorneys' Eyes Only" pursuant to paragraph III, below.

# III.

# DESIGNATION OF "CONFIDENTIAL DOCUMENTS OR INFORMATION"

A party may designate such documents or information as "Confidential" or "Attorneys' Eyes Only" in accordance with the following procedures:

    A.    Criteria for Classification

        1.    **"Confidential" Documents or Information.**  A party may designate documents or information as "Confidential" if the party reasonably believes the documents or information embody (a) sensitive, competitive or other confidential business information; (b) sensitive financial information; (c) sensitive product information; (d) sensitive personal information; (e) trade secrets; (f) other sensitive material that the party does not customarily disclose to the public; or (g) documents or information that the party currently maintains as confidential and is seeking to maintain as confidential for purposes of this action.  The parties understand, however, that they may not designate as "Confidential" any material or information that is otherwise publicly available.

        2.    **"Attorneys' Eyes Only" Documents or Information.**  A party may designate documents or information as "Attorneys' Eyes Only" if the party reasonably believes the documents or information embody (a) materials which are of an extremely high degree of current commercial sensitivity, and (b) would provide a competitive advantage to one or more of the parties to this case if disclosed.

    B.    Time of Designation

Unless otherwise agreed between counsel for the parties, the designation of Confidential Documents or Information shall be made at the time of the production of documents.

    C.    Manner of Designation

The designation of Confidential Documents or Information shall be made in the following manner:

1.  For documents, by placing the notation "Confidential" or "Attorneys' Eyes Only" on each page of such document;

2.  For tangible items, including any documents or information produced on magnetic disks or other computer related media, by placing the notation "Confidential" or "Attorneys' Eyes Only" on the object and, if applicable, on the container thereof or if such are not practicable, as otherwise agreed by the parties. In the event a party receiving Confidential Documents and Information generates any hard copy or printout from any such documents or information, that party must immediately stamp each page "Confidential" or "Attorneys' Eyes Only," as appropriate, and the hard copy or printout shall be treated as Confidential Documents or Information pursuant to this Stipulated Protective Order.

D.   Retroactive Designation

1.  Inadvertent production of any Confidential Documents or Information without a designation of "Confidential" or "Attorneys' Eyes Only" will not be deemed to waive a later claim as to its confidential or privileged nature or prevent a party from re-designating said documents or information as "Confidential" or "Attorneys' Eyes Only" promptly after discovery of such inadvertent production.

2.  Within a reasonable time after production, a producing party may retroactively designate documents or information as "Confidential" or "Attorneys' Eyes Only," or withdraw such a designation, provided that such retroactive designation or withdrawal shall be in accordance with the terms of this Stipulated Protective Order. Such retroactive designation or withdrawal shall be accomplished by notifying counsel in writing of such retroactive designation or withdrawal. Upon receipt of any such written re-designation, counsel shall (i) not make any further disclosure or communication of such retroactively designated material except as provided for in this order; (ii) take reasonable steps to notify all persons known to have possession of any retroactively designated material of the effect of such re-

designation under this order; and (iii) take reasonable steps to procure all copies of such retroactively designated material from any persons known to have possession of any such retroactively designated material who are not entitled to receipt under this order.

      E.     Resolution of Disputes Regarding Designation

If a non-designating party, at any time, wishes to have the "Confidential" or "Attorneys' Eyes Only" designation of any particular Confidential Documents or Information removed or changed, that party shall first request the change in writing. Thereafter, the parties shall make good faith efforts to resolve the dispute. If the designating party refuses to agree to remove or change the designation, then the objecting party may move, pursuant to Local Rule 37. At all times during the process of challenging a designation, the parties shall treat the Confidential Documents or Information as originally designated until a change is agreed to or the motion is decided by the Court and written notice of such decision is served on the parties.

## IV.
## PERSONS TO WHOM CONFIDENTIAL DOCUMENTS OR INFORMATION MAY BE DISCLOSED

      A.     Disclosure of Documents or Information Designated as "Confidential"

Documents or Information designated as "Confidential" may be disclosed and copies may be provided only to:

      1.     The parties' counsel of record and such counsels' support staff, legal assistants and clerical personnel;

      2.     Non-party expert witnesses or consultants retained by the parties or their respective attorneys in connection with this action, and such expert's and/or consultant's secretarial, technical and clerical employees who are actively assisting in the preparation of this action, who have complied with paragraph IV(D), below;

1    3.   Outside court reporting services and court reporters as may be reasonably necessary in connection with the preparation or conduct of this action.

4.   The court and its personnel, or any other tribunal of competent jurisdiction having involvement in this matter and its personnel who are directly participating in this action;

5.   Any mediator or arbitrator selected by the parties to mediate or arbitrate this action; and

6.   Officers, directors and employees of the parties hereto who have a need to review material designated as "Confidential" to assist in connection with this litigation, who have complied with paragraph IV(D), below.

B.   Disclosure of Documents or Information Designated as "Attorneys' Eyes Only"

Documents or Information designated as "Attorneys' Eyes Only " may be disclosed and copies may be provided only to:

1.   The parties' counsel of record and such counsels' support staff, legal assistants and clerical personnel who are directly participating in this action;

2.   Non-party expert witnesses or consultants retained by the parties or their respective attorneys in connection with this action, and such expert's and/or consultant's secretarial, technical and clerical employees who are actively assisting in the preparation of this action, who have complied with paragraph IV(D), below;

3.   Outside court reporting services and court reporters as may be reasonably necessary in connection with the preparation or conduct of this action;

4.   The court and its personnel, or any other tribunal of competent jurisdiction having involvement in this matter and its personnel who are directly participating in this action;

5.   Any mediator or arbitrator selected by the parties to mediate or arbitrate this action; and

6

**STIPULATION FOR PROTECTIVE ORDER**

LA1 1887897v 6

   6. In-house counsel who are not responsible for competitive decision-making and such in-house counsel's support staff, legal assistants and clerical personnel who are directly participating in this action, who have complied with paragraph IV(D), below. Notwithstanding anything to the contrary in this paragraph, this provision shall not permit in-house counsel at a company associated solely with the design alleged to be substantially similar to Plaintiff's Internal Design Number 3526 to view documents designated as "Attorneys' Eyes Only" that are related to the design alleged to be substantially similar to Plaintiff's Internal Design Number 4644, and vice-versa.

 C. Additional Authorized Disclosure of Documents or Information Designated as "Confidential" or "Attorneys' Eyes Only"

   Notwithstanding anything to the contrary in paragraphs IV(A) or IV(B) above,  particular Confidential Documents or Information that have been designated as "Confidential" or "Attorneys' Eyes Only" may be disclosed and copies may be provided:

   1. To persons who are explicitly named on the document as the authors or addressees or to persons who may, by prior testimony, be shown to be an author or recipient of any particular document;

   2. To any other persons with the prior written consent of the designating party; and

   3. To any other persons with the prior authorization of the Court.

   If a document designated as "Confidential" or "Attorneys' Eyes Only" refers to the conduct or affairs of a potential witness, counsel may discuss such conduct or affairs with such person without revealing that such document exists, its authors or its source.

 D. Disclosure to Experts, Consultants, or Parties

1.      Prior to disclosing or providing copies of any Confidential Documents or Information to person pursuant to paragraphs IV(A)(2), IV(A)(6), IV(B)(2), or IV(B)(6), the non-designating party, shall first obtain the agreement of such person to be bound by the terms of this Stipulated Protective Order as set forth in "Acknowledgment and Agreement To Be Bound," attached hereto as Exhibit A. Specifically, such person must acknowledge that, during the course of this litigation, the person will have access to, and become acquainted with, various Confidential Documents or Information.  The person shall agree not to disclose such Confidential Documents or Information, directly or indirectly, to any person or entity not subject to this protective order or use them in any way outside the scope of this litigation, during this litigation or at any time thereafter.

2.      Persons receiving Confidential Documents or Information designated "Attorneys' Eyes Only" shall further agree not to disclose such documents or information, or the contents thereof, to any directors, officers, or employees of the company for which the individual is employed or by which the individual is retained, or to any other persons not authorized under this Protective Order to receive such information..

3.      Each expert, consultant, or party receiving Confidential Documents or Information shall retain a copy of this Protective Order, with a copy of his or her signed "Acknowledgment and Agreement To Be Bound."

## V.

## USE OF CONFIDENTIAL DOCUMENTS OR INFORMATION

A.      Use of Confidential Documents or Information Generally

Confidential Documents or Information shall be used by the non-designating parties, their respective agents, and any other persons to whom such Confidential Documents or Information may be disclosed pursuant to this Stipulated Protective Order, for no purpose other than (1) in this action; (2) as otherwise compelled by

lawful process (provided the designating party is given a reasonable notice to object); or (3) as otherwise required by law. Notwithstanding the foregoing, nothing in this Stipulated Protective Order shall prevent or limit the designating party from disclosing or otherwise making use of Confidential Documents or Information it has designated.

  B. Use of Confidential Documents or Information in The Conduct of this Action

   1. Confidential Documents or Information may be used by counsel in good faith in connection with investigating this action, provided that the Confidential Documents or Information are protected pursuant to the terms and conditions of this Stipulated Protective Order.

   2. Confidential Documents or Information may be used at a hearing so long as the designating party is given reasonable notice of the planned use and does not object. A designating party may request or the Court may order that a proceeding referring to or describing Confidential Documents or Information be conducted in camera, out of the presence of all unqualified persons, and that any transcript relating thereto be designated as "Confidential" and/or "Attorneys' Eyes Only" and that, at the time of preparation of the corresponding transcript of such testimony, the reporter place the notation "Confidential" and/or "Attorneys' Eyes Only" on each page of the transcript so designated, which transcript shall be separately bound and conspicuously marked on its cover.

   3. If any non-designating party seeks to file pleadings or other documents with the Court that contain Confidential Documents or Information, such papers shall be accompanied by an application to file the papers, or the confidential portion thereof, under seal. Said application must demonstrate good cause for the filing under seal and shall be directed to the judge to whom the papers are directed.

1 Pending the ruling on the application, the papers or portion thereof subject to the
2 sealing application shall be lodged under seal.

3      C.    Use of Confidential Documents or Information in Connection with a
4 Deposition

5      1.    Those portions of depositions taken by any party at which any
6 Confidential Documents or Information are used or inquired into may not be
7 conducted in the presence of any person(s) not authorized to view or receive such
8 Confidential Documents or Information under this Stipulated Protective Order.

9      2.    Counsel for any deponent may designate testimony or exhibits as
10 Confidential Documents or Information by indicating on the record at the deposition
11 that the testimony of the deponent or any exhibits to his or her testimony are to be
12 treated as Confidential Documents or Information.  Counsel for any party may
13 designate exhibits in which that party has a cognizable interest as Confidential
14 Documents or Information by indicating on the record at the deposition that such
15 exhibit(s) are to be treated as Confidential Documents or Information.  Failure of
16 counsel to designate testimony or exhibits as Confidential Documents or Information
17 at deposition, however, shall not constitute a waiver of the protected status of the
18 testimony or exhibits. Within thirty calendar days of receipt of the transcript of the
19 deposition, or thirty days of the date on which the Stipulated Protective Order
20 becomes effective, whichever occurs last, counsel shall be entitled to designate
21 specific testimony or exhibits as Confidential Documents or Information.  If counsel
22 for the deponent or party fails to designate the transcript or exhibits as Confidential
23 Documents or Information within the above-described thirty day period, any other
24 party shall be entitled to treat the transcript or exhibits as non-confidential material..

25      3.    When documents or information disclosed during a deposition are
26 designated as "Confidential" and/or "Attorneys' Eyes Only" at the time testimony is
27 given, the reporter shall separately transcribe those portions of the testimony so
28

designated, shall place a notation of "Confidential" and/or "Attorneys' Eyes Only," as appropriate, on the face of the transcript, and shall maintain that portion of the transcript or exhibits in separate files marked to designate the confidentiality of their contents. The reporter shall not file or lodge with the Court any Confidential Documents or Information without obtaining written consent from the designating party. For convenience, if a deposition transcript or exhibit contains repeated references to Confidential Documents or Information which cannot conveniently be segregated from non-confidential material, any party may request that the entire transcript or exhibit be maintained by the reporter as Confidential Documents or Information.

## VI.

## RETURN OF CONFIDENTIAL DOCUMENTS, TESTIMONY, OR INFORMATION

Within ninety (90) calendar days after the final settlement or termination of this action, the parties shall:

A. Return to the designating party or destroy (at the non-designating party's option and expense) any and all Confidential Documents or Information and all copies thereof in the non-designating party's possession, custody or control.

B. Ensure that all Confidential Documents or Information in the possession, custody or control of any permitted parties or third parties are returned to the designating party or destroyed;

C. Destroy all notes, memoranda or other documents that contain excerpts from any of the Confidential Documents or Information. Notwithstanding the foregoing, attorney work product, attorney-client communications, and information derived from Confidential Documents or Information may be retained by counsel.

D. In the case of an expert or consultant, return or destruction of any and all copies of Confidential Documents or Information disclosed to such expert or

consultant shall occur upon the termination of their engagement or the final conclusion of this action, whichever occurs sooner.

## VII.
## PUBLIC DOCUMENTS

None of the restrictions set forth in this Stipulated Protective Order shall apply to any documents or other information that become public knowledge by means not in violation of the provisions of this Stipulated Protective Order. Nothing in this Stipulated Protective Order shall prevent any non-designating party from using any information that it properly possessed prior to receipt of any Confidential Documents or Information or that is discovered independently by the party. The terms for the treatment of Confidential Documents or Information shall be effective only upon the entry of this Stipulated Protective Order.

## VIII.
## SCOPE OF THIS ORDER

A.   Except for the provisions regarding post-trial or post-settlement return and destruction of Confidential Documents or Information, or segregation of work product which embodies such material, this order is strictly a pretrial order; it does not govern the trial in this action.

B.   Not later than seven days before trial in the action, Counsel agree to meet and confer concerning the use at trial of Confidential Documents or Information.

C.   Nothing in this Protective Order shall be deemed to limit, prejudice, or waive any right of any party or person (a) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for, documents or information claimed to be protected work product or privileged under California or federal law, documents or information as to which the producing party claims a legal

obligation not to disclose, or documents or information not required to be provided pursuant to California law; (b) to seek to modify or obtain relief from any aspect of this Stipulated Protective Order; (c) to object to the use, relevance, or admissibility at trial or otherwise of any documents or information, whether or not designated in whole or in part as Confidential Documents or Information governed by this Stipulated Protective Order; or (d) otherwise to require that discovery be conducted according to governing laws and rules.

      D.    Designation of documents or information as "Confidential" and/or "Attorneys' Eyes Only" on the face of such material shall have no effect on the authenticity or admissibility of such material at trial.

      E.    This Stipulated Protective Order shall not aggregate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any Confidential Documents or Information designated by that party.

      F.    The fact that information is designated "Confidential" or "Attorneys' Eyes Only" under the Stipulated Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. This Stipulated Protective Order shall be without prejudice to the right of any party to bring before the Court (a) whether any particular material is or is not confidential or (b) whether any particular information or material is or is not entitled to a greater or lesser degree of protection under the terms of this Stipulated Protective Order, provided that in doing so, the party complies with the procedures set forth herein. The fact that any information is disclosed, used, or produced in any proceeding in this action shall not be offered in any action or proceeding before any court, agency or tribunal as evidence of or concerning whether or not such information is admissible, confidential or proprietary.

      G.    If at any time any Confidential Documents or Information are subpoenaed from a non-designating party by any court, administrative or legislative

13
**STIPULATION FOR PROTECTIVE ORDER**
LA1 1887897v 6

body, or is requested by any other person or entity purporting to have authority to require the production of such material, the party to whom the subpoena or other request is directed shall immediately give written notice thereof to the designating party with respect to Confidential Documents or Information sought and shall afford the designating party reasonable opportunity to pursue formal objections to such disclosures. If the designating party does not prevail on its objections to such disclosure, the non-designating party may produce the Confidential Documents or Information without violating this Stipulated Protective Order.

## IX.
## NO IMPLIED WAIVER OF ADMISSION

No party shall be obligated to challenge the proprietary nature of any designation of "Confidential" or "Attorneys' Eyes Only" information, and the failure to do so shall not constitute a waiver or otherwise preclude a subsequent challenge to the deposition.

## X.
## MODIFICATION OF THIS STIPULATED PROTECTIVE ORDER

Any party hereto may seek an order of the Court to modify the terms of this Stipulated Protective Order. Any application or motion seeking such modification must be served upon all counsel of record and filed in accordance with the California Code of Civil Procedure. Any party may seek an order of the Court for further protection of the confidentiality of information or documents.

## XI.
## PRIOR ORDERS

This Stipulated Protective Order shall not affect any prior order of the Court.

## XII.

## EXECUTION AND COUNTERPART

This Stipulated Protective Order may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile signatures or any party upon the signature page of this Stipulated Protective Order shall be binding upon the parties hereto and may be submitted as though such signatures were original signatures.

SO STIPULATED.

DATED: December 15, 2010     DONIGER / BURROUGHS, APC

By: /s/ Stephen M. Doniger
    STEPHEN M. DONIGER
    Attorneys for Plaintiff
    EKB Textiles, Inc.

DATED: December 15, 2010     SIDLEY AUSTIN LLP

By: /s/ Cameron J. Johnson
    CAMERON J. JOHNSON
    Attorneys for Defendants
    Target Corporation,
    NC Apparel, Inc., Kandy Kiss of
    California, Inc., and Samsung C&T
    America, Inc.

DATED: December 15, 2010     HOLME ROBERTS & OWEN, LLP

By: /s/ Sharon Z. Weiss
    SHARON Z. WEISS
    Attorneys for Defendant
    LF USA, Inc.

# EXHIBIT A

## Acknowledgment and Agreement To Be Bound

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California in the case of *EKB Textiles Inc. v. Target Corporation*, Case No. CV 10-4443 RGK (JCx).  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Signed: _____    _____
        [Print Name]              [Signature]