UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 10-04443 RGK (JCx) | Date | June 21, 2011 |
|---|---|---|---|
| Title | *EKB TEXTILES, INC. v. TARGET CORPORATION* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**    **(IN CHAMBERS)** Order re: Plaintiff's Motion for Partial Summary Judgment (DE 61)

### I.   INTRODUCTION

On June 16, 2010, EKB Textiles, Inc. ("Plaintiff") filed a copyright action against Target Corporation, et. al. ("Defendants"). The Complaint alleges two claims for relief: (1) Copyright Infringement, and (2) Vicarious/Contributory Copyright Infringement. On November 11, 2010, Plaintiff filed its First Amended Complaint ("FAC") alleging the same claims, but naming additional defendants.

Currently before the Court is Plaintiff's Motion for Partial Summary Judgment. For the following reasons, the Court **grants in part** the motion.

### II.   FACTUAL BACKGROUND

The parties allege the following facts:

Plaintiff is a textile converter, i.e., a company that works with garment manufacturers looking for fabric printed with artwork. As part of its business, Plaintiff creates original textile designs, or purchases the exclusive rights to designs that are created by art studios. Plaintiff offers its designs for sale to its customers.

On July 29, 2008, Plaintiff purchased artwork named "stlr2773" from a design studio, and received all rights in that design. Using stlr2773, Plaintiff then created two derivative designs, 4644 and 4645, which it offered for sale to its customers. On September 26, 2008, Plaintiff received Copyright Registration No. VA 1-656-155 for the 4644 design. Between July 2008 and February 2009, Plaintiff sold thousands of yards of fabric bearing the 4644 design to a number of customers. Most of the fabric was printing in Plaintiff's "NVY/AQA/PCH" colorway, which is navy, aqua, and peach.

On January 18, 2010, Plaintiff purchased a garment at a Target retail store that bore a design Plaintiff alleges is strikingly similar to 4644. According to Plaintiff, the Target design, which Target calls the "Oxford Design," infringes on Plaintiff's 4644.

### III.   JUDICIAL STANDARD

Summary judgment is proper where "the pleadings, deposition, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issues as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is sufficient evidence for a reasonable jury to find for the nonmoving party, and a fact is "material" when it may affect the outcome of the case under the substantive law that provides the claim or defense. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

The moving party has the initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party is without the ultimate burden of persuasion at trial, it may either produce evidence negating an essential element of the opposing party's claim, or demonstrate that the nonmoving party does not have enough evidence to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Insurance Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1106 (9th Cir. 2000). If the moving party meets this initial requirement, the burden then shifts to the opposing party to go beyond the pleadings and set forth specific facts that establish a genuine issue of material fact remains for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986).

In granting summary judgment, a district court is not entitled to weigh the evidence and resolve disputed underlying factual issues. *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir. 1992). Rather, courts are required to view all inferences to be drawn from "the underlying facts . . . in the light most favorable to the party opposing the motion." *Id.* (quoting *U.S. v. Diebold, Inc.,* 369 U.S. 654, 655 (1962)).

## IV. DISCUSSION

Plaintiff contends that it is entitled to summary judgment on the following issues: (1) Plaintiff owns 4644, which is an original work of authorship; and (2) Defendants infringed Plaintiff's copyright by selling garments bearing the Oxford design, an unauthorized derivation of 4644. The Court addresses each argument below.

### A. Ownership of 4644

Under 17 U.S.C. § 410(c), a registration certificate constitutes prima facie evidence of the validity of the copyright and of the facts stated in the certificate. *See Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1144 (9th Cir. 2003). To rebut the presumption of validity, the defendant must introduce competent evidence showing the contrary. *Hamil America, Inc. v. GFI*, 193 F.3d 92, 98 (9th Cir. 1999).

Plaintiff has introduced evidence that it holds a duly issued copyright registration in 4644. (Kashani Decl. at ¶ 9, Ex. 4.) The certificate discloses that the author and copyright claimant are Plaintiff. *Id*. Therefore, both the copyright's validity and Plaintiff's ownership of the copyright are presumed. Defendant, in response, has failed to raise any arguments or set forth any evidence to rebut this presumption. Therefore, no triable issue of material fact exists, and the Court grants Plaintiff's request for summary judgment on this issue.

### B. Infringement of 4644

To successfully establish a copyright infringement claim, in addition to demonstrating ownership of the copyright, the plaintiff must establish (1) the defendant's access to the copyrighted work, and (2) substantial similarity between the copyrighted work and the allegedly infringing material. *Berkic, v. Crichton*, 761 F.3d 1289, 1291-92 (9th Cir. 1985). The Court notes that Defendants do not dispute access to 4644. Therefore, the Court finds the access prong of the test satisfied. The only remaining matter before the Court is whether there are substantial similarities between the protected elements of 4644 and comparable elements in the Oxford design.

Substantial similarity requires a fact specific inquiry, but it "'may often be decided as a matter of law.'" *Benay v. Warner Bros. Entm't*, 607 F.3d 620, 624 (9th Cir. 2010) (quoting *Sid & Marty Krofft Television Prods., Inc., v. McDonald's Corp.,* 562 F.2d 1157, 1164 (9th Cir. 1977)). To prevail on a copyright infringement claim, a plaintiff must prove substantial similarity under both the extrinsic and intrinsic tests. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2000). The extrinsic analysis is objective and based on "specific criteria which can be listed and analyzed." *Funky Films, Inc. v. Time Warner Entertainment, Co.*, 462 F.3d 1072, 1077 (9th Cir. 2006) (citing *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1164 (9th Cir. 1994)). The

intrinsic analysis is subjective and focuses on whether a reasonable person would find the work substantially similar. *Id*. In a motion for summary judgment, courts usually apply only the extrinsic test, leaving the intrinsic test to the trier of fact. *Id*. Only "where [the] works are so overwhelmingly identical that the possibility of independent creation is precluded," is a grant of summary judgment in favor of the plaintiff appropriate. *See Twentieth Century-Fox Film Corp. v. MCA, Inc.*, 715 F.2d 1327, 1330 (9th Cir. 1983).

      1.    *Extrinsic Test*

The extrinsic test compares only the concrete, protectable elements of the works. *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1443 (9th Cir. 1994). While not an exhaustive list, the relevant factors for evaluating art work include "subject matter, shapes, color, material and arrangement of the representations." *Cavalier v. Random House, Inc.*, 297 F.3d 815, 826 (9th Cir. 2002).

In comparing the concrete, protectable elements of 4644 and Oxford, the Court finds that the two designs reveal greater, more significant similarities than differences.[1] Both designs use abstract floral representations arranged in a manner that evokes a hanging ornament. As Defendants point out, many of the details of each element are dissimilar. However, the structural elements that are either comprised of the details, or contain the details, are strikingly similar in arrangement, shape, orientation, function, and scale. The beaded elements that extend from each end of the primary portion of the designs are a good example. 4644 employs small flowers as the "beads," while Oxford employs small diamonds as the "beads." Although the bead detail in each design is undoubtedly different, the structural elements formed by the "beads" are the same. The "beads," which are identical in scale, form single chains that extend like tails from the elements that form the focus of the designs.

As to the focal elements, both 4644 and Oxford naturally break up into four main structural components that consist of similar sub-elements. The top element resembles an abstracted beetle. The head is comprised of a flower with a three-pronged leaf design extending forward, and two flanking kidney-shaped elements extending back. The body is comprised of a larger flower (4644 appears to be the entire plant and Oxford appears to be only the blossom), with a scorpion-shaped element below. The second main component suggests an urn. Laurel branches form the shape of the urn in both designs. Various floral elements, with a center that repeats the shape of the urn, forms the cavity. Finally, a pair of outstretched curled leaves cap the urn. The third element forms the base of the urn. Both designs use curling outstretched branches that extend beyond width of the urn, and arrange the elements into a design that is reminiscent of a human pelvis. Although Oxford incorporates more use of negative space, the overall shape, function and scale are similar. The final element is simply the same abstracted beetle found at the top of the design, in reverse orientation.

In opposition, Defendants primarily argue two points. The first is that the details and color are completely dissimilar. As discussed above, however, these dissimilarities are superficial relative to the significant similarities in the designs' arrangement, scale, function, orientation, and shape. Moreover, as one court has noted, depending on the nature of the differences, sometimes minor differences serve only to emphasize the extent to which a defendant has deliberately copied from the plaintiff. *See Concord Fabrics, Inc. v. Marcus Bros. Textile Corp.*, 409 F.2d 1315, 1316 (2d Cir. 1969). Therefore, differences in the micro-level details do not necessarily weigh in a defendant's favor. Defendants' second point is that many of the elements used in 4644 were in the public domain before Plaintiff's design was created. This argument is unavailing for two reasons. First, as stated by the Second Circuit, the existence of a prior work, whether in the public domain or not, is significant only if the plaintiff copied from that work, or defendant copied from that work. *Novelty Textile Mills, Inc. v. Joan Fabrics Corp.*, 558 F.2d 1090, 1093 fn 3 (2d Cir. 1977). Defendants argue neither. Second, Defendants' evidence points only to the fact that various separate elements within the design (e.g., laurel leaf, trefoil, and floral sprays) were previously in the public domain. (*See* Young Decl. ¶ 32, Exs. B and C.) There is no indication that the public domain contained the same expression of these designs using those elements. As stated by the Ninth Circuit, copyright protection is available for the expression of an idea if that expression "possesses at least some minimal degree of creativity." *See Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1076 (9th Cir. 2000)(internal citations omitted);*U.S. v. Hamilton*, 583 F.2d 448, 451 (9th Cir. 1978). Therefore, 4644's use of elements that were in the public domain does not exclude the possibility of its originality.

Based on the foregoing, the Court finds that Plaintiff satisfied its burden as to the extrinsic test.

---

[1] In analyzing the extrinsic factors, the Court looks to Jennison Declaration, Ex. A and Krasilovsky Declaration, Ex. A.

      2.    *Intrinsic Test*

The intrinsic test depends on the response of the ordinary reasonable person. *Shaw v. Lindheim*, 919 F.2d 1353, 1358 (9th Cir. 1990)(citing *Krofft*, 562 F.2d at 1164). The Court must determine whether reasonable minds can differ as to whether the defendant's work captures the same total concept and feel of the plaintiff's work. *Id*. As stated above, the intrinsic test for expression is uniquely suited for determination by the trier of fact. However, the Court may grant summary judgment for the plaintiff where reasonable minds would unanimously agree that the works are so overwhelmingly identical that the possibility of independent creation is precluded. *See Twentieth Century-Fox*, 715 F.2d at 1330.

In considering the total concept and feel of Oxford relative to 4644, the Court, itself, is inclined to find that the intrinsic test is satisfied. However, the Court is unable to find that, as a matter of law, no reasonable minds could differ on this point. Therefore, the intrinsic test for this action must be determined by the trier of fact.

## V.    EVIDENTIARY OBJECTIONS

To the extent the Court relied on evidence to which the parties objected, those objections are overruled.

## VI.    CONCLUSION

Based on the foregoing, the Court **grants in part** summary judgment in favor of Plaintiff. Specifically, the Court grants summary judgment as to the following issues: (1) Plaintiff owns 4644, an original work of authorship; (2) Defendant had access to 4644; and (3) Plaintiff has satisfied the extrinsic test for purposes of determining substantial similarity. The Court denies summary judgment as to all other matters at issue in this motion. All remaining issues shall proceed to trial for final determination of the action.

**IT IS SO ORDERED.**

                                              :

Initials of Preparer    slw